**FOWLER v. DETROIT BEDDING CO. et al.**

**No. 5668.**

Circuit Court of Appeals, Sixth Circuit.

March 6, 1931.

R. S. Binns, of Detroit, Mich. (Barthel, Flanders & Barthel, Otto F. Barthel, and Peter R. Pococke, all of Detroit, Mich., on the brief), for appellant.

J. H. Lee, of Detroit, Mich. (Dyrenforth, Lee, Chritton & Wiles and Horace Dawson, all of Chicago, Ill., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

 Suit for infringement of claim 2[1] above of Fowler patent, No. 1,332,550, for a padding bandage. The defenses were invalidity and noninfringement. If the patent is valid (which we need not decide), the invention consists in so tapering and overlapping the ends of the bat that when it is folded about the core a bandage of uniform thickness results, or in the simplicity with which the bandage is manufactured, by merely tapering the ends of the bat before folding it. For such a product the appellant has limited the claim to "tapered edges lapped on one side of the paper core" and he is bound thereby. Lakewood Engineering Co. v. Stein, 8 F.(2d) 713, 715 (C. C. A. 6); Michigan Engine Valve Co. v. Monarch Mfg. Co., 233 F. 107, 110 (C. C. A. 6); McCallum v. Pittsburgh & Cleveland Coal Co., 268 F. 831, 835 (C. C. A. 6). All the substantial evidence indicates that appellee's product lacked this element of appellant's combination and therefore did not infringe. Cimiotti Unhairing Co. v. American Fur Ref. Co., 198 U. S. 399, 410, 25 S. Ct. 697, 49 L. Ed. 1100.

Appellee was a licensee of the California Cotton Mills Company, owner of what are called "The Mitchell Patents." The Mitchell patent especially relevant is No. 1,497,189— 1923. Under this patent appellee manufactured and sold padding fabricated for automobile upholstering. The proof of the form which appellee's product took is that it was made up as indicated in figures 10 and 11 of the Mitchell patent, No. 1,497,189. Neither the specifications nor claims of the Mitchell patent called for "tapered edges lapped on one side of the paper core." Any slight tapering of the edges was not due to design, but was incidental to the manner in which the

---

[1] "A padding bandage consisting of a long, narrow strip formed of a central core of relatively stiff and strong paper in combination with and inclosed by an outer surface made up of an unabsorbent fibrous bat having tapered edges folded about the core and with its tapered edges lapped on one side of the paper core."

sheet or bat of the material came from the machine or to the effect of forcing it into the pleat of the cushion.

Affirmed.